UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBBIE WASHINGTON                                                                                                Plaintiff

v.                                                                                       Civil Action No. 3:23-cv-00483-RGJ

JIM FARLEY                                                                                                       Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robbie Washington initiated this *pro se* action by filing a complaint. [DE 1]. For the reasons stated herein, the Court will dismiss this action under Fed. R. Civ. P. 41(b) and order Plaintiff to show cause why the Court should not issue an injunction barring her from proceeding *in forma pauperis* in all future actions in this Court.

I.

Plaintiff filed an application to proceed without the prepayment of fees. [DE 3]. Plaintiff reported in her application that she has zero income, zero expenses, and writes zeros for all of the other information requested in the application. *Id.* Plaintiff also attached some bank account information. However, Plaintiff provided no explanation for how she is able to live with no income or expenses. Upon review of the application, the Court determined that the application did not provide sufficient information to show whether Plaintiff qualified to proceed *in forma pauperis* or must be required to pay the $402 filing fee. The Court denied the application without prejudice to Plaintiff filing a new application in which she provided the requested information and, if necessary, provided an explanation for how she is able to live with no income or expenses. [DE 4]. The Court also warned Plaintiff "that failure to comply with [the] Order within 30 days will result in dismissal of this action" and potentially "the imposition of sanctions, including but not limited to

prefiling restrictions" because she has repeatedly filed applications to proceed *in forma pauperis* with zeros listed for income, expenses, and all other information in direct noncompliance with the Court's prior Orders. [*Id.* at 1–2]. More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The Court has issued a straightforward Order directing Plaintiff to file a new application to proceed with prepayment of fees and warning her that failure to comply would result in the dismissal of this action. Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order warrants the dismissal of this case under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

## III.

Additionally, the Court finds that Plaintiff has abused the privilege of proceeding *in forma pauperis* by repeatedly seeking *in forma pauperis* status without a properly supported application to proceed without the prepayment of fees, even after the Court warned her not to do so. The Court will direct Plaintiff to show cause why an injunction should not be entered barring her from proceeding *in forma pauperis* in any future action in the United States District Court for the Western District of Kentucky.

Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may revoke or deny the privilege of proceeding without paying the filing fees that apply to other plaintiffs when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses this privilege by repeatedly filing such lawsuits, federal courts have the inherent power to deter such suits by imposing appropriate sanctions, including restrictions on future access to the judicial system. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). While the Sixth Circuit has stated that an individual cannot be absolutely foreclosed from initiating an action or filing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Id.*; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing

prefiling restrictions in matters with a history of repetitive or vexatious litigation."). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, see *Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

The Court's records show that Plaintiff has filed nineteen new civil actions in this Court since April 13, 2023. In each of these cases, Plaintiff filed applications to proceed *in forma pauperis* which report zeros or no information for income, expenses, and all other information requested in the application. In thirteen of the cases, the Court denied Plaintiff's application as insufficient and directed her to file a new application and, if necessary, provide an explanation for how she is able to live with no income or expenses. Plaintiff failed to comply with the Orders in those cases, and the actions were dismissed under Fed. R. Civ. P. 41(b). *See Washington v. General Electric*, 3:23-cv-00177-DJH; *Washington v. Ford Motor Company*, 3:23-cv-00178-CHB; *Washington v. KET*, 3:23-cv-00179-RGJ; *Washington v. Youtube/Google LLC Youtube*, 3:23-cv-00184-RGJ; *Washington v Reynolds Consumer Products*, 3:23-cv-00239-CHB; *Washington v. U of L Hospital*, 3:23-cv-00351-DJH; *Washington v. United States District Court*, 3:23-cv-00372-GNS; *Washington v. Hale*, 3:23-cv-00442-CHB; *Washington v. Boom*, 3:23-cv-00443-GNS; *Washington v. Combs*, 3:23-cv-00444-GNS; *Washington v. Wolf*, 3:23-cv-00463-CHB; *Washington v. Zimmerman*, 3:23-cv-00464-RGJ; and *Washington v. Stivers*, 1:23-cv-00116-GNS. Despite the dismissal of these cases, Plaintiff has continued to file cases with applications

to proceed *in forma pauperis* with zeros listed for income, expenses, and all other information in direct noncompliance with the Court's prior Orders, as she did in the instant action.[1]

The Court previously found, regardless of the merit of the nineteen cases Plaintiff recently filed, that her continued filing of new applications to proceed *in forma pauperis* in direct contradiction of the Court's prior Orders amounts to the filing of frivolous lawsuits. Furthermore, the Court found that her repeated failures to comply with the Court's straightforward Orders is an abuse of the Court's resources and shows that she is a vexatious litigant. In fact, the Court repeatedly warned Plaintiff in five separate actions that "if she continues to file applications to proceed *in forma pauperis* without the required information and continues to disregard the Court's Orders, the Court will impose sanctions against her, including but not limited to prefiling restrictions." *See* DE 4 at 1, 3; *Washington v. Leilson*, 3:23-cv-00465-DJH; *Washington v. Culp*, 3:23-CV-00482-CHB; *Washington v. Pactiv Evergreen, Inc.*, 3:23-cv-00484-DJH; and *Washington v. Johnson*, 3:23-cv-00485-RGJ.

## IV.

Given Plaintiff's pattern of filing such lawsuits, the Court concludes that the least severe sanction likely to deter her from filing similar pleadings is to permanently enjoin her from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Plaintiff.

Before entering such an injunction, however, the Court will provide Plaintiff with an opportunity to respond. Accordingly, **IT IS ORDERED** that **within 30 days** from the entry of

---

[1] In some of the actions, as in the present case, Plaintiff provides bank account information. However, the information offers no explanation regarding how Plaintiff is able to live with zero income and expenses as she has been ordered to do by the Court.

5

this Order, Plaintiff shall show cause in writing why this Court should not issue an injunction barring her from proceeding *in forma pauperis* in all future actions in this Court.

Date: November 15, 2023

                                                  Rebecca Grady Jennings, District Judge
                                                  United States District Court

cc:      Plaintiff, *pro se*
A961.014