UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROBBIE WASHINGTON                                                                           Plaintiff

v.                                                                       Civil Action No. 3:23-cv-00483-RGJ

JIM FARLEY                                                                                  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robbie Washington initiated this *pro se* action by filing a complaint. [DE 1]. On November 16, 2023, the Court entered a Memorandum Opinion and Order dismissing the lawsuit pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the order directing her to file a new application to proceed without prepayment of fees ("*in forma pauperis*"). [DE 5 at 2]. The Court also found that Plaintiff abused the privilege of proceeding *in forma pauperis* by repeatedly seeking *in forma pauperis* status without a properly supported application to proceed without the prepayment of fees, even after the Court warned her not to do so. [*Id.* at 3–6]. The Court directed Plaintiff to show cause why an injunction should not be entered barring her from proceeding *in forma pauperis* in any future action in the United States District Court for the Western District of Kentucky. [*Id.* at 5–6]. Plaintiff did not file a response. For the reasons stated herein, the Court concludes that the proposed injunction should be issued.

**I.**

As the Court explained in ordering Plaintiff to show cause, Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may

revoke or deny the privilege of proceeding without paying the filing fees that apply to other plaintiffs when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses this privilege by repeatedly filing such lawsuits, federal courts have the inherent power to deter such suits by imposing appropriate sanctions, including restrictions on future access to the judicial system. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). While the Sixth Circuit has stated that an individual cannot be absolutely foreclosed from initiating an action or filing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Id.*; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

The Court's records show that Plaintiff has filed twenty new civil actions in this Court since April 13, 2023. In each of these cases, Plaintiff filed applications to proceed *in forma pauperis* which report zeros or no information for income, expenses, and all other information

revoke or deny the privilege of proceeding without paying the filing fees that apply to other plaintiffs when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam).

When a litigant abuses this privilege by repeatedly filing such lawsuits, federal courts have the inherent power to deter such suits by imposing appropriate sanctions, including restrictions on future access to the judicial system. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). While the Sixth Circuit has stated that an individual cannot be absolutely foreclosed from initiating an action or filing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Id.*; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."). A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith[.]" *Maxberry*, 879 F.2d at 224.

The Court's records show that Plaintiff has filed twenty new civil actions in this Court since April 13, 2023. In each of these cases, Plaintiff filed applications to proceed *in forma pauperis* which report zeros or no information for income, expenses, and all other information

requested in the application. In eighteen of the cases so far, the Court denied Plaintiff's application as insufficient and directed her to file a new application and, if necessary, provide an explanation for how she is able to live with no income or expenses. Plaintiff failed to comply with the Orders in those cases, and the actions were dismissed under Fed. R. Civ. P. 41(b). *See Washington v. General Electric*, 3:23-cv-00177-DJH; *Washington v. Ford Motor Company*, 3:23-cv-00178-CHB; *Washington v. KET*, 3:23-cv-00179-RGJ; *Washington v. Youtube/Google LLC Youtube*, 3:23-cv-00184-RGJ; *Washington v Reynolds Consumer Products*, 3:23-cv-00239-CHB; *Washington v. U of L Hospital*, 3:23-cv-00351-DJH; *Washington v. United States District Court*, 3:23-cv-00372-GNS; *Washington v. Hale*, 3:23-cv-00442-CHB; *Washington v. Boom*, 3:23-cv-00443-GNS; *Washington v. Combs*, 3:23-cv-00444-GNS; *Washington v. Wolf*, 3:23-cv-00463-CHB; *Washington v. Zimmerman*, 3:23-cv-00464-RGJ; and *Washington v. Stivers*, 1:23-cv-00116-GNS; *Washington v. Leileson*, 3:23-cv-00465-CRS; *Washington v. Culp*, 3:23-cv-00482-CRS; *Washington v. Farley*, 3:23-cv-00483-RGJ; *Washington v. Pactiv Evergreen, Inc.*, 3:23-cv-00484-CRS; *Washington v. Johnson*, 3:23-cv-00485-CRS. Despite the dismissal of these cases, Plaintiff has continued to file cases with applications to proceed *in forma pauperis* with zeros listed for income, expenses, and all other information in direct noncompliance with the Court's prior Orders, as she did in the instant action.[1]

The Court previously found, regardless of the merit of the cases Plaintiff recently filed, that her continued filing of new applications to proceed *in forma pauperis* in direct contradiction of the Court's prior Orders amounts to the filing of frivolous lawsuits. Furthermore, the Court found that her repeated failures to comply with the Court's straightforward Orders is an abuse of the Court's

---

[1] In some of the actions, as in the present case, Plaintiff provided bank account information. However, the information offered no explanation regarding how Plaintiff is able to live with zero income and expenses as she has been ordered to do by the Court.

3

resources and shows that she is a vexatious litigant. In fact, the Court repeatedly warned Plaintiff in five separate actions that "if she continues to file applications to proceed *in forma pauperis* without the required information and continues to disregard the Court's Orders, the Court will impose sanctions against her, including but not limited to prefiling restrictions." *See* DE 4 at 1, 3; *Washington v. Leilson*, 3:23-cv-00465-DJH; *Washington v. Culp,* 3:23-CV-00482-CHB; *Washington v. Pactiv Evergreen, Inc.*, 3:23-cv-00484-DJH; *Washington v. Johnson*, 3:23-cv-00485-RGJ.

Given Plaintiff's pattern of filing such lawsuits, the Court concludes that the least severe sanction likely to deter her from filing similar pleadings is to permanently enjoin her from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Plaintiff.

**II.**

Accordingly, **IT IS ORDERED that Robbie Washington shall no longer be permitted to proceed** *in forma pauperis* **in any action in the United States District Court for the Western District of Kentucky. The Clerk of Court is DIRECTED not to accept for filing any complaint by Washington that is not accompanied by the proper filing fee.**

Date:


cc: Plaintiff, *pro se*
    United States District Court, Western District of Kentucky, all divisional offices
A961.014